United States District Court

Eastern District of California

Lawrence Remsen, et al.,

      Plaintiffs,               No. Civ. S 02-2587 FCD PAN P

    vs.                     Findings and Recommendations

Edward S. Alameida, Jr.,

      Defendants.

-oOo-

    Plaintiffs pursue a purported class action challenging the procedures used by California with respect to parole and good-time credits.  They filed their case in the United States District Court for the Central District of California and paid the filing fee.  That court transferred the action here.

    March 19, 2003, this court dismissed the complaint with leave to amend on the ground plaintiffs' claims involve the length of their terms of imprisonment and must be pursued in habeas corpus proceedings after they exhaust state judicial

1  remedies.

2      Plaintiffs moved the district court to reconsider the March
3  19, 2003, order.  The district court denied the motion.
4  Plaintiffs sought interlocutory appeal.

5      The Ninth Circuit dismissed the appeal January 8, 2004,
6  because this court's dismissal with leave to amend was not a
7  final appealable order.  The mandate issued March 10, 2004, and
8  the record on appeal was returned July 22, 2004.

9      May 3, 2005, plaintiffs requested judgment or for the court
10 to reconsider its March 19, 2003, order in light of the Supreme
11 Court's recent decision in Wilkinson v. Dotson, ___ U.S. ___, 125
12 S.Ct. 1242 (2005).

13     In Wilkinson, the Court addressed when and whether prisoners
14 challenging state parole laws must proceed in habeas rather than
15 under the civil rights statute.  The Court held that plaintiff
16 prisoners could pursue a civil rights action for declaratory and
17 injunctive relief because they challenged parole procedures
18 regarding eligibility and suitability for parole.  125 S.Ct. at
19 1248.  Thus, success for those plaintiffs would not necessarily
20 spell immediate or speedier release.

21     Here, plaintiffs claim that state laws under which the Board
22 of Prison Terms determines when inmates imprisoned for a term of
23 years to life are suitable for parole, violate due process and
24 the equal protection clause of the Fourteenth Amendment.  They
25 seek an order declaring that the California Board of Prison Terms
26 has no jurisdiction with respect to their sentences and an

1   injunction requiring the California Department of Corrections to

2   apply credit for good-time served.  They contend that "after July

3   1, 1977, the punishment must be the same for each person

4   committing the same offense."  Petition for Injunction and

5   Declaratory Relief at p. 17.   Plaintiffs seek enforcement of

6   their "right to know the certainty of the penalty" for their

7   offenses.  Id. at 19.  Thus, relief in plaintiffs' favor would

8   mean plaintiff Remsen is entitled to release after serving 20

9   years in prison, Watson to release after 34 years, Thabet, Hummel

10  and Paradela to release after 15 years, and Masse to release

11  after 25 years (all less good time credit).

12      These claims "fall within the implicit habeas exception"

13  described in Wilkinson.  125 S.Ct. at 1248.  March 19, 2003, the

14  court dismissed plaintiffs' pleading for failure to state a claim

15  under civil rights statutes, with leave to amend to file a

16  petition for habeas corpus.  It is clear plaintiffs will not

17  amend their pleading.

18      Accordingly, the court hereby recommends this action be

19  dismissed for failure to state a claim.  Fed. R. Civ. P. 12.

20      Pursuant to the provisions of 28 U.S.C. § 636(b)(l), these

21  findings and recommendations are submitted to the United States

22  District Judge assigned to this case.  Within 20 days after being

23  served with these findings and recommendations, plaintiffs may

24  file written objections.  The document should be captioned

25  "Objections to Magistrate Judge's Findings and Recommendations."

26  The district judge may accept, reject, or modify these findings

1    and recommendations in whole or in part.

2         Dated:  May 31, 2005.

3                                    /s/ Peter A. Nowinski

4                                    PETER A. NOWINSKI
                                     Magistrate Judge

4